MILES PHILIPS v. GEORGE D. TAYLOR.[1]

July 15, 1904.

Nos. 13,970—(194).

**Trespass—Discharge of Rainwater.**
> In an action for damages alleged to have been caused by the construction of a gutter or culvert upon and adjacent to the premises of defendant, causing the water falling upon the roof of his building to flow upon and injure plaintiff's premises, it is *held* that the findings of the trial court are sustained by the evidence.

Action in the municipal court of St. Paul to recover from defendant $150 for malicious trespass, the acts complained of consisting in the discharge upon plaintiff's land of rainwater from defendant's building. The case was tried before Finehout, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Schmidt & Metcalfe,* for appellant.

*Childs, Edgerton & Wickwire,* for respondent.

BROWN, J.

Action to recover damages alleged to have been caused by the construction of a gutter and culvert upon the premises of defendant, causing, as alleged in the complaint, the water from the roof of his building to flow upon plaintiff's premises.

The trial court found that, some time prior to the date complained of, defendant had constructed a large warehouse on the premises owned by him, and caused a drain pipe to be attached to the building, leading from the roof thereof to the spur track of the Chicago Great Western Railway Company, which is located between the property of defendant and that of plaintiff, and that he caused a four-inch wooden culvert to be constructed under the tracks of said railway company, connecting the same with the drain leading from the roof of his building, by reason of which the water, as it collected upon the roof of defendant's building, flowed upon plaintiff's premises. The court further found that, in the

1 Reported in 100 N. W. 649.

construction of said drain pipe and culvert, defendant took all the precautions necessary, and the same were sufficient to take care of all the water which would naturally fall upon the building in ordinary and usual rainstorms; that, under ordinary circumstances, water falling upon said building would not reach the premises of plaintiff, but would empty into the sandy and porous soil of the company's land. It was conceded on the trial, and the court so found as a fact, that upon the dates named in the complaint, when it is charged that a large quantity of water was cast upon the premises of plaintiff by means of the drain pipe and culvert, there were extraordinary and unusual rainstorms, such as could not reasonably be anticipated or guarded against. The court further found that defendant was guilty of no malicious or intentional wrongdoing towards plaintiff in the construction of the drain pipe and culvert, and, as conclusions of law, ordered judgment for defendant.

Several assignments of error are presented by appellant, which are, for the most part, directed to the claim that the findings of the trial court are not sustained by the evidence. We find no reversible error in any of the rulings of the court on the admission or exclusion of evidence; the only question for review is whether the findings of the trial court are sustained by the evidence.

There is no controversy as to the legal rights of parties under circumstances like those here disclosed. The rule is clearly laid down in Cooley, Torts (2d Ed.) 681, to the effect that every person has the clear legal right to protect his premises against the fall of rain or snow, even though incidental injury may result to his neighbor; and the limitation upon his right to do so is to be found only in the duty which every proprietor of lands owes to those about him to so use his own as not unreasonably to restrict the enjoyment by others of corresponding rights. The rule requires him to exercise due care to protect his neighbor, but it does not require that he shall, under all circumstances and events, protect him; and any injury that may result, notwithstanding the observance of proper precaution, must be deemed incidental to the ownership of the property, and gives rise to no cause of action. If he puts proper eaves, troughs and gutters upon his building for leading off the water upon his own ground, and keeps them in proper order, and is guilty of no negligence in this respect, an adjoining proprietor can

have no legal complaint against him if injury results from extraordinary circumstances for which no one is at fault. See also Underwood v. Waldron, 33 Mich. 232; Sheehan v. Flynn, 59 Minn. 436, 61 N. W. 462; Gilfillan v. Schmidt, 64 Minn. 29, 66 N. W. 126. The facts found by the trial court bring the case clearly within this principle, and the fact that the injury complained of was caused·by extraordinary and unusual rainstorms is conclusive against plaintiff's cause of action.

The findings of the trial court are sustained by the evidence, and the order appealed from is affirmed.

Order affirmed.